UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

VINCENT PADGETT,

       Plaintiff,                             Civil No. 08-87-HU

      v.                                    ORDER

ANTON KOWANDA, *et al.*,

       Defendants.

HAGGERTY, District Judge:

      Magistrate Judge Hubel issued a Findings and Recommendation [44] and an Amended Findings and Recommendation [48] in this action recommending that defendants' Motion to Dismiss [32] be granted as follows: (1) all of the state claims should be dismissed without prejudice for failure to plead compliance with the notice provision of the Oregon Tort Claims Act (OTCA), and plaintiff should be given leave to file an Amended Complaint asserting such compliance; and (2) the state claims should not yet be dismissed based on the OTCA's substitution provision and defendants' invocation of immunity related to the Eleventh Amendment of the United States Constitution.

1 -- ORDER

Plaintiff filed "Limited Objections" [46] to the initial Findings and Recommendation, and these were rendered moot after the filing of the Amended Findings and Recommendation. Defendants filed Objections [45 & 49] to both versions of the Findings and Recommendations, and these are the subject of this Order.

When a party objects to any portion of a Magistrate's Findings and Recommendation, the district court must make a *de novo* determination of that portion of the Magistrate Judge's report. 28 U.S.C. § 636(b)(1)(B); *McDonnell Douglas Corp. v. Commodore Bus. Mach., Inc.*, 656 F.2d 1309, 1313 (9th Cir. 1981). The Objections were filed in a timely manner. The court has given the file of this case a *de novo* review, and has also carefully evaluated the Magistrate's Findings and Recommendations, the pending objections, and the entire record. Defendants' Objections are granted in part and the Findings and Recommendation is adopted in part and overruled in part.

## **ANALYSIS**

Magistrate Judge Hubel provided a thorough, extensive analysis of several circumstances pertaining to this action. Most of this analysis is unchallenged by the parties. Accordingly, this court has reviewed the Magistrate Judge's reasoning that – if the individual defendants are not subject to substitution by the state of Oregon and consequently, the claims against them subject to dismissal under the Eleventh Amendment of the United States Constitution – plaintiff's state law claims should be dismissed without prejudice, with leave to be re-filed. Such reasoning is found to free from clear error, and is adopted. *Campbell v. United States District Court*, 501 F.2d 196 (9th Cir. 1974) (when findings are unchallenged by objections, the court need only

2 -- ORDER

satisfy itself that there is no clear error on the face of the record in order to accept the recommendation of the Magistrate).

The Magistrate Judge also conducted a careful examination of Oregon's common law of 150 years ago, which led to the conclusion that "at common law in 1857, a prisoner in Oregon could sue the individual defendants for his injuries, and was even provided additional time in which to file suit under the 1854 tolling provision." Findings and Recommendation at 21-22. This conclusion is unchallenged by defendants and is also adopted.

Moreover, the Magistrate Judge concluded that "the OTCA has abolished plaintiff's remedy against the individual defendants and replaced it with a substituted remedy against the state itself, and then [has] provided additional limits on that substituted remedy in the form of a damages cap." Findings and Recommendation at 22. The Findings and Recommendation determined that if the "damages limits are considered sufficiently emasculating, then these OTCA provisions, as applied to this plaintiff, would violate Article I, section 10" of the Oregon Constitution and would preclude defendants' motion to dismiss the state medical malpractice claim against the individual defendants. *Id*.

However, defendants' Objections reiterate that under the OTCA, the substitution of the State of Oregon for the individual defendants on plaintiff's state law claims is required. After that substitution has occurred, defendants argue, the state law claims against the State must be dismissed because Oregon has not waived its sovereign immunity.

The Findings and Recommendation and Amended Findings and Recommendation elected to "abate" any resolution of defendants' substitution and dismissal arguments. The question presented by defendants' Objections is, therefore, whether the Magistrate Judge properly abated

3 -- ORDER

defendants' request to substitute Oregon for the individual defendants and dismiss the state law claims.

The Magistrate Judge determined that "the most reasonable approach is to abate the state medical malpractice claim against the individual defendants" because abatement "precludes needless parallel state court litigation while this case proceeds on the section 1983 medical care claim, yet preserves the state's immunity until liability and damages are determined on the constitutional claim." Findings and Recommendation at 23. The Magistrate Judge reasoned:

> The determination of damages on the section 1983 claim, which requires plaintiff to establish a higher standard of liability on the part of defendants, will inform the parties and this Court as to the disposal of the remaining state claim. That is, if plaintiff prevails on liability in the section 1983 medical care claim and obtains a damages award, several options exist: (1) having won a verdict and damages on the section 1983 medical care claim, plaintiff may be willing to voluntarily dismiss the state medical malpractice claim with no apparent loss; (2) the state may be willing to waive its Eleventh Amendment immunity at that point given that this Court will be familiar with the case; or (3) this Court will be able to make a determination as to whether the OTCA substitution and damages limits are unconstitutionally emasculating.

*Id*.

In objecting, defendants assert that "[a] court may not stay or abate state law claims after a state's invocation of the Eleventh Amendment in order to avoid potentially duplicative litigation." Dft. Objections to Amended Findings and Recommendation at 2.

The Eleventh Amendment provides that the judicial power of the United States "shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or Subjects of any Foreign State." U.S. Const. amend. XI. This provision is "a real limitation on a federal court's federal-question jurisdiction." *Idaho v. Coeur d'Alene Tribe*, 521 U.S. 261, 270 (1997). Moreover, this court is

4 -- ORDER

"obligated" to consider that limitation "fully."  *Draper v. Coombs*, 792 F.3d 915, 919 (9th Cir. 1986) (citation omitted).

A careful search of related legal authorities finds that when the immunity defense against state law claims is raised promptly, and the immunity has not been waived and the targeted claims are of the type barred by the Eleventh Amendment, it is error to fail to dismiss the claims.  *See, e.g., City of S. Pasadena v. Mineta*, 284 F.3d 1154, 1158 (9th Cir. 2002) (when a state promptly raises immunity defense against state law claims that are undisputably of the type barred by the Eleventh Amendment, it is error to fail to dismiss claims).

Relatedly, the Ninth Circuit has recognized that "the benefit of the [Eleventh Amendment] immunity is lost or severely eroded once the suit is allowed to proceed past the motion stage of the litigation."  *Thomas v. Nakatani*, 309 F.3d 1203, 1208 (9th Cir. 2002) (citing *Puerto Rico Aqueduct & Sewer Auth. v. Metcalf & Eddy, Inc.*, 506 U.S. 139, 146 (1993)).

Here, the Findings and Recommendation proposes to "abate" the state law claims pending resolution of plaintiff's federal claim.  It is arguable whether the suit could be fairly described as proceeding "past the motion stage of the litigation," at least concerning the state claims.

However, the consequences of the Findings and Recommendation's strategy – although grounded in sensible concerns for judicial efficiency – would postpone the invocation of an immunity defense to which defendants are properly entitled.  Notwithstanding the Magistrate Judge's laudable desire to avoid potential waste and duplicity, this court is constrained by the law and must permit the substitution of the State of Oregon, and then allow defendants to exercise an Eleventh Amendment immunity defense that is undeniably applicable under the circumstances

5  -- ORDER

presented. This conclusion is consistent with the Ninth Circuit's recognition that Eleventh Amendment immunity, when applicable, shall be freely asserted, even under circumstances in which the plaintiff retains an opportunity to reassert the dismissed claims in parallel proceedings in state court. *See Demshki v. Monteith*, 255 F.3d 986, 989 (9th Cir. 2001).

Similar to the posture adopted by the Ninth Circuit in *Demshki*, this court expresses no opinion regarding the options regarding judicial efficiency that may be presented to the parties and other adjudicators in the event that plaintiff elects to pursue his dismissed claims elsewhere. Because defendants are entitled to invoke immunity, and because the reasoning for delaying that invocation is based upon the specter of duplicative litigation that – as yet – has not been undertaken – the Findings and Recommendation must be overruled in part.

## CONCLUSION

The Findings and Recommendation [44] and the Amended Findings and Recommendation [48] is overruled in part as follows: defendants' motion to dismiss [32] is granted as follows: all of the state claims are dismissed based on the OTCA's substitution provision and defendants' invocation of immunity related to the Eleventh Amendment of the United States Constitution.

IT IS SO ORDERED.

Dated this 20th day of July, 2009.

                                                /s/ Ancer L. Haggerty
                                                    Ancer L. Haggerty
                                        United States District Judge