UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PORTLAND DIVISION


VINCENT PADGETT,

                Plaintiff,                                 Civil No. 08-87-HU

        v.                                        ORDER

ANTON KOWANDA, *et al.*,

                Defendants.

_____

HAGGERTY, District Judge:

      Magistrate Judge Hubel issued a Findings and Recommendation [126] in this action recommending denial of defendants' Motion for Summary Judgment [91]. Defendants filed Objections [133], which are the subject of this Order.

      When a party objects to any portion of a Magistrate's Findings and Recommendation, the district court must make a *de novo* determination of that portion of the Magistrate Judge's report. 28 U.S.C. § 636(b)(1)(B); *McDonnell Douglas Corp. v. Commodore Bus. Mach., Inc.*, 656 F.2d 1309, 1313 (9th Cir. 1981). Defendants' Objections were filed in a timely manner. The court has given the file of this case a *de novo* review, and has also carefully evaluated the Magistrate's

1  -- ORDER

Findings and Recommendations and the entire record.  The Findings and Recommendation is

adopted.

## ANALYSIS

Magistrate Judge Hubel provided an extensive analysis of this matter.  Plaintiff advances

claims under 42 U.S.C. § 1983 against several employees of the Oregon Department of

Corrections alleging that these defendants failed to protect him from an assault, and then failed

to provide constitutionally adequate medical care for an injury plaintiff alleges that he sustained

in the assault.  The Magistrate Judge recommended denying defendants' motion for summary

judgment.  Specific facts will be addressed where necessary in the context of evaluating the

Findings and Recommendation.

A summary of the thorough Findings and Recommendation establishes that the

Magistrate Judge concluded:

• defendants have waived their "failure to exhaust administrative remedies" defense; Findings and Recommendation at 20;

• defendants' assertion of qualified immunity remains unresolved, and under recent Supreme Court authority, the invocation of qualified immunity is proper if the facts asserted by a plaintiff fail to establish a violation of a constitutional right, or the right at issue was not clearly established at the time of the defendants' alleged misconduct; Findings and Recommendation at 20-21 (citations omitted);

• defendants conceded that "the rights in this case were likely sufficiently clearly established;" Findings and Recommendation at 21 (quoting defendants' Reply at 4);

• the question presented in plaintiff's Eighth Amendment "failure to protect" claim is whether defendants acted with deliberate indifference in addressing threats to plaintiff; Findings and Recommendation 22;

• the evidence presented, when viewed in a light favorable to plaintiff, creates a triable issue that precludes summary judgment to defendants on the question of whether defendants acted with deliberate disregard for plaintiff's safety, and whether defendants acted reasonably; Findings and Recommendation at 24-27;

2  -- ORDER

• the question presented in plaintiff's Eighth Amendment "medical care" claim is whether plaintiff has shown that defendants acted with deliberate indifference to serious medical needs; Findings and Recommendation at 31-32;

• the evidence presented raises "readily apparent reasonable inferences which at a minimum raise questions of fact about defendants' actions which must be resolved by a jury, and at worst, strongly suggest the presence of deliberate indifference[.]" Findings and Recommendation at 33;

• the Magistrate Judge agrees with plaintiff's assertion that "the evidence that Dr. Degner persisted in the same ineffective course of treatment for seven months, despite Dr. Degner's awareness of plaintiff's constant complaints and eventually, his dramatically worsening symptoms," could compel a reasonable factfinder to conclude that plaintiff has made an adequate showing of deliberate indifference. Findings and Recommendation at 41.

Defendants' objections are addressed in turn.

Defendants first contend that the Magistrate Judge erred in denying summary judgment to defendants by misinterpreting the defendants' briefing as to whether plaintiff's claims involve constitutional rights that were clearly established at the time of defendants' alleged misconduct. The Magistrate Judge reviewed the Supreme Court's recent ruling that gives courts discretion to grant summary judgment on the basis of qualified immunity in cases in which the facts alleged by a plaintiff do not show a violation of a constitutional right, or if the right at issue was not clearly established at the time of the defendants' alleged misconduct. Findings and Recommendation at 21 (quoting *James v. Rowlands*, 606 F.3d 646, 650-51 (9th Cir. 2010); citing *Pearson v. Callahan*, ___ U.S. ___, 129 S. Ct. 808, 812 (2009)).

The Magistrate Judge referred to defendants' briefing on the issue, noting that defense counsel reviewed the standards applicable for qualified immunity and acknowledged that the rights in this case were likely sufficiently clearly established. Findings and Recommendation at 21 (citing Dfts.' Reply at 4). The relevant passage from defendants' Reply provides:

> The doctrine of qualified immunity protects public officials from "'liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known.'" *Tibbetts v. Kulongoski*, 567 F.3d 529, 535 [9th Cir. 2009) (quoting *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982)).  Under *Pearson v. Callahan*, a court may exercise its discretion in determining whether to first decide (1) whether the right in question was clearly established, or (2) whether, viewed in the light most favorable to Plaintiff, the facts alleged show that Defendants' conduct violated Plaintiff's constitutional rights.  l29 S. Ct. 808, 818 (2009).  Although the rights in this case were likely sufficiently clearly established, Defendants are entitled to qualified immunity because their conduct did not violate Plaintiffs rights.

Reply at 4.

In their Objections, defendants argue that the Magistrate Judge misread the passage above as indicating that defendants conceded that the rights at issue are clearly established.  Instead, defendants contend, the passage conveyed that "the law is clearly established in Defendants' favor."  Objections at 3.  Counsel then presents the contradictory, confusing declaration that indeed, "[p]laintff's claims relate to rights that are clearly established, and have been for some time.  But the contours of those rights are not sufficiently clear, particularly in light of the Magistrate Judge's decision."  *Id.*

Defendants' "objection" in this regard is rejected.  The most charitable reading of counsel's assertions in this matter suggests that (1) defendants acknowledged that the rights at issue in this case are "sufficiently clearly established" (Reply at 4); (2) defendants object to the Magistrate Judge's reliance upon the plain meaning of the statement presented in the Reply, and request that their prior statement be construed to assert that "the law" was clearly established in defendants' favor (Objections at 3); (3) defendants once again explicitly admit that "plaintiff's claims relate to rights that are clearly established and have been for some time;" (Objections at

3); and finally (4) the "contours" of those rights are unclear, and defendants attribute the lack of clarity regarding those rights to the Magistrate Judge's decision (Objections at 4).

This court will leave behind this tortured reasoning with the straightforward conclusion that the Magistrate Judge correctly determined that the rights plaintiff has placed into issue are clearly established. The court notes that defense counsel has acknowledged this twice. Defendants' objections to the contrary are baseless.

Defendants next argue that the Magistrate Judge erred in concluding that there are issues of fact regarding the reasonableness of defendants' response to the threat posed by inmate William Steiner. Defendants acknowledge that the Magistrate Judge "correctly summarized" steps taken by defendants to address risks facing plaintiff, but complain that the Magistrate Judge's "ultimate conclusion that these steps constituted deliberate indifference – particularly in light of the fact that Plaintiff was offered a transfer – is incorrect." Objections at 4.

Of course, the Magistrate Judge rendered no "ultimate conclusion" that defendants' response to plaintiff's risks "constituted deliberate indifference." As quoted by defendants three sentences above their assertion regarding an "ultimate conclusion," the Magistrate Judge recognized that "there are issues of fact regarding the reasonableness of defendants' response to the t[h]reat posed by Steiner." Objection at 4 (partially quoting the Findings and Recommendation at 30, which stated "Viewing the record as a whole, and construing the evidence in plaintiff's favor, there are issues of fact regarding the reasonableness of defendants' response to the threat posed by Steiner."). This conclusion is correct and thoroughly supported by the record and the Magistrate Judge's reasoning in the Findings and Recommendation. This objection is overruled.

5  -- ORDER

Next, defendants argue "in the alternative" that the Magistrate Judge erred in failing to grant summary judgment to individual defendants Chris Schaefer, Michelle Hubbard, Nancy Howton, Troy Browser [referred to as "Brower" by defendants], Daryl Borello, and Robin Wilkerson.  Defendants assert that the Findings and Recommendation "demonstrates that the actions of those Defendants' [sic] are insufficient to give rise to liability under Section 1983." Objections at 5.

Defendants argue that "[a]lthough the Magistrate Judge indicates that other Defendants had involvement with or knowledge of Plaintiff's situation, he fails to address why there is a genuine issue of fact regarding Defendants Schaeffer, Hubbard, Howton, Brower [sic], Borello, and Wilkerson.  His failure to analyze the acts of each Defendant is error."  Objections at 6-7.

This court has scrutinized defendants' briefing submitted to the Magistrate Judge in support of their summary judgment motion.  Defendants omitted any argument regarding the possible propriety of granting summary judgment to individual defendants.

The Ninth Circuit has instructed that a district court has discretion to consider evidence or argument presented for the first time in a party's objection to a Magistrate Judge's recommendation, and that such consideration is not required.  *United States v. Howell*, 231 F.3d 615, 621 (9th Cir. 2000).  As long as the district court "actually exercise[s] its discretion, rather than summarily accepting or denying the motion," the Ninth Circuit reasoned that the "language of the Magistrate Act, its legislative history, Supreme Court precedent, and practical considerations" all support the conclusion that the district may elect to either consider or ignore arguments that a party failed to raise before a Magistrate Judge.  *Id*. at 622 (holding that Congress clearly indicated that district courts are required to make a *de novo* determination of

the portions of the magistrate judge's report to which a party objects, but the district court is not

required to adjudicate issues not contested before the Magistrate Judge) (citations omitted).  The

Ninth Circuit recognized that a district court's discretion to accept or decline new evidence or

argument conforms with the intent of the Magistrate Judge "system," which was "designed to

alleviate the workload of district courts."  *Id.* (citation omitted).

> To require a district court to consider evidence not previously presented to the
> magistrate judge would effectively nullify the magistrate judge's consideration of
> the matter and would not help to relieve the workload of the district court.
> Systemic efficiencies would be frustrated and the magistrate judge's role reduced
> to that of a mere dress rehearser if a party were allowed to feint and weave at the
> initial hearing, and save its knockout punch for the second round.  Equally
> important, requiring the district court to hear evidence not previously presented to
> the magistrate judge might encourage sandbagging.  It would be fundamentally
> unfair to permit a litigant to set its case in motion before the magistrate, wait to
> see which way the wind was blowing, and – having received an unfavorable
> recommendation – shift gears before the district judge.

*Id.* (citing and quoting *Paterson-Leitch Co., Inc., v. Mass. Mun. Wholesale Elec. Co.*, 840 F.2d

985, 990-91 (1st Cir. 1988) (internal quotations omitted)); *see also Thomas v. Arn*, 474 U.S. 140,

148 (1985) (forcing a district court to review every issue in every case, no matter how thorough

the magistrate's analysis, would be an inefficient use of judicial resources).

This court exercises its discretion to decline to consider defendants' new arguments about

whether summary judgment might be appropriate for some of the individual defendants.  The

court is confident that the parties will prepare thoroughly for trial, and that the merit of these

challenges, if any, will be evaluated and addressed more properly at a later time.  Assailing the

Magistrate Judge for his alleged error of failing "to analyze the acts of each Defendant" – after

counsel presented a comprehensive dispositive motion that ignored this issue entirely – is

misplaced.  Objections at 6-7.

Finally, defendants object to the Magistrate Judge's conclusion that the facts presented are more than sufficient to allow a reasonable juror to conclude that Dr. Degner unreasonably and intentionally denied care that he knew was necessary, and that the doctor stood in the way of plaintiff receiving a needed diagnostic procedure. Defendants argue that the conclusion that a factual issue exists "cannot be reconciled with the undisputed evidence that Dr. Degner did not believe plaintiff was suffering from a severe medical condition and thought he was malingering." Objections at 7. This objection is overruled. Defendants correctly demonstrate that their version of what Dr. Degner believed "cannot be reconciled" with the facts when they are viewed in a light favorable to plaintiff. Defendants' presentation of Dr, Degner's beliefs may be submitted for a jury's consideration. The Magistrate Judge correctly concluded that summary judgment regarding Dr. Degner's possible unreasonableness is unwarranted.

## CONCLUSION

The Findings and Recommendation [126] is adopted in its entirety. Defendant's Objections are overruled, and defendants' Motion for Summary Judgment [91] is denied.

IT IS SO ORDERED.

Dated this  8  day of November, 2010.

   /s/ Ancer L. Haggerty
Ancer L. Haggerty
United States District Judge